| | |
|---|---|
| CALEB PADILLA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, LARRY CASH, and THOMAS J. AARON,<br><br>Defendants. | No.: 3:19-cv-00461<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ARUN BHATTACHARYA TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL<br><br><u>CLASS ACTION</u> |

Movant Arun Bhattacharya ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B):

(a)     appointing Movant as Lead Plaintiff for the Class of all persons and entities who purchased or otherwise acquired Community Health Systems, Inc. ("Community Health" or the "Company") securities between February 20, 2017 and February 27, 2018, both dates inclusive (the "Class Period");

(b)  approving Movant's selection of Pomerantz LLP ("Pomerantz") as Lead

1

Counsel and Bramlett Law Offices as Liaison Counsel for the Class; and

(c) granting such other relief as the Court may deem to be just and proper.

## **BACKGROUND**

As alleged in the Complaint, Community Health purports to be a leading operator of general acute care hospitals.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company had understated its contractual allowances; (2) that the Company had understated its provision for bad debts; (3) that, as a result, the Company had overstated its net operating revenue; (4) that, as a result, the Company had understated its net loss; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On February 27, 2018, the Company announced its full year 2017 financial results and reported a $591 million increase to contractual allowances and bad debt provision.

2

On this news, the Company's share price fell $1.06 per share, more than 17%, to close at $5.12 per share on February 28, 2018, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

3

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, Movant should be appointed as Lead Plaintiff.

## A. MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

Movant has made a timely motion in response to a PSLRA early notice. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Additionally, as set forth in his Certification, filed concurrently herewith, Movant has reviewed the complaint, adopted the allegations therein, and is willing to serve as a representative of the class. *See* Lieberman Decl. Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

## B. MOVANT  HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii). While the Sixth Circuit has not adopted a specific approach to calculating the largest financial interest, courts have typically appointed lead plaintiffs on the basis

4

of having the largest loss. *See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and holding that said Movant had the largest financial interest); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (explaining that Congress hoped that selecting plaintiffs with the largest financial loss would lead to plaintiffs with the largest financial interest being appointed).

During the Class Period, Movant: (i) purchased 9,000 shares of Community Health securities; (ii) expended $44,630 on Community Health securities; (iii) retained 2,000 of his shares of Community Health securities; and (iv) as a result of the disclosure of the fraud at issue, suffered a loss of $6,105. *See* Lieberman Decl., Ex. C.

Movant is not aware of any other movant that has suffered greater losses in Community Health securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise

satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *5 (W.D. Tenn. Dec. 15, 2010). Moreover, "Rule 23 establishes two requirements for appointing a lead plaintiff . . . 'typicality' and 'adequacy.'" *Id.*

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Community Health's business and financial condition. Movant, as did all of the members of the class, purchased Community Health securities at

prices artificially inflated by defendants' misstatements and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Movant is an adequate representative for the Class. There is no antagonism between the interests of Movant and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.

Thus, the close alignment of interests between Movant and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

## D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability, and his desire, to represent the Class fairly and adequately

7

is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## II.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France.  For more than 75 years, Pomerantz has represented defrauded investors.  In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities.  *See* Lieberman Decl., Ex. D. More recently, Pomerantz announced as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it had achieved a $110 million

settlement on behalf of the class in that action. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). The foregoing achievements are part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. D. Courts in this Judicial District and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *In re Allergan PLC Sec. Litig.*, 18-cv-12089 (S.D.N.Y.); *Anarkat v. CVS Health Corporation*, 19-cv-01725 (S.D.N.Y.); *Schiro v. CEMEX, S.A.B. de C.V.*, 18-cv-2352 (S.D.N.Y.); *Yang v. Nobilis Health Corp.*, 19-cv-145 (S.D. Tex.); and *Costas v. Ormat Technologies, Inc.*, 18-cv-271 (D. Nev.). Plaintiff has also selected Bramlett Law Offices as Liaison Counsel for the Class. Paul Kent Bramlett and Robert Preston Bramlett of Bramlett Law Offices of Nashville regularly practice in the Middle District of Tennessee, have handled numerous class actions in all district courts of Tennessee, are admitted to practice in the Middle District, and can ably serve the Class if so appointed. *See* Lieberman Decl., Ex. E.

As a result of both firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skills and knowledge to

9

prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Lead Plaintiff's selection of Pomerantz as Lead Counsel and Bramlett Law Offices as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: July 29, 2019                          Respectfully submitted,

*/s/Paul Kent Bramlett*
BRAMLETT LAW OFFICES
PAUL KENT BRAMLETT
TN SUP CT #7387/MS SUP CT #4291
ROBERT PRESTON BRAMLETT
TN SUP CT #25895
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Telephone:615.248.2828
Facsimile: 866.816.4116
Email:  PKNASHLAW@aol.com
Email: Robert@BramlettLawOffices.com

*Counsel for Movant and*
*Proposed Liaison Counsel for the Class*

10

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       ahood@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

11