BARRETT, JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

[Proposed] Liaison Counsel for [Proposed] Lead Plaintiff

LEVI & KORSINSKY, LLP
GREGORY M. NESPOLE
55 Broadway, 10th Floor
New York, NY 10006
Telephone: 212/363-7500
212/363-7171 (fax)
gnespole@zlk.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| CALEB PADILLA, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, LARRY CASH, and THOMAS J. AARON,<br><br>                Defendants. | Civil Action No. 3:19-cv-00461-EJR-BDH<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") on behalf of purchasers of Community Health Systems, Inc. ("Community Health" or the "Company") securities alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq*.

Morta Vaisyte ("Movant") hereby moves this Court for an Order: (1) appointing Movant as Lead Plaintiff in the Action pursuant to the PSLRA; and (2) approving Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel, and Barrett, Johnston Martin & Garrison, LLC ("Barrett Johnston") as Liaison Counsel. Movant is the most adequate plaintiff as defined by the PSLRA because she possesses a significant financial interest in the Action, and she otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that her claims are typical of the claims of the putative class and that she will fairly and adequately represent the interests of the class. *See* Martin Decl., Ex. A.[1] Accordingly, Movant should be appointed Lead Plaintiff, and her selection of Lead Counsel should be approved.

## II. STATEMENT OF FACTS[2]

Community Health purports to be a leading operator of general acute care hospitals. ¶ 2.

On February 27, 2018, the Company announced its full year 2017 financial results and

---

[1] References to the "Martin Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Jerry E. Martin, submitted concurrently herewith.

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

reported a $591 million increase to contractual allowances and bad debt provision. ¶ 3.

On this news, the Company's share price fell $1.06 per share, more than 17%, to close at $5.12 per share on February 28, 2018, on unusually heavy trading volume. ¶ 4.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that the Company had understated its contractual allowances; (2) that the Company had understated its provision for bad debts; (3) that, as a result, the Company had overstated its net operating revenue; (4) that, as a result, the Company had understated its net loss; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. ¶ 6.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of the Action was published on *Business Wire,* a national, business-oriented newswire service, on May 29, 2019. *See* Martin Decl., Ex. C.

Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movant meets these requirements and should therefore be appointed as Lead Plaintiff.

### a. Movant's Motion is Timely

On May 29, 2019, notice of the complaint filed in the Action was published on *Business Wire*, which advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by July 29, 2019. *See* Martin Decl., Ex. C. Movant's motion was filed within the applicable deadline and should be considered for lead plaintiff appointment.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

As evidenced by, among other things, the accompanying signed Certification and loss chart, Movant incurred a substantial loss of approximately $4,549.67 in her transactions in Community Health securities during the class period and was injured thereby. *See* Martin Decl.

- 3 -

Ex. A, B.[3] To the best of her counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### c. Movant Is Typical and Adequate of the Putative Class

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). "Under Rule 23, there are two requirements for establishing lead plaintiff: '(1) "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (2) "the representative parties will fairly and adequately protect the interests of the class."' *Burgraff v. Green Bankshares, Inc.*, No. 2:10-CV-00253, 2011 U.S. Dist. LEXIS 14573, at *9 (E.D. Tenn. Feb. 11, 2011) (citation omitted). Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as Lead Plaintiff.

Under Rule 23(a)(3), a "claim is typical under Rule 23 if 'it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *9 (citation omitted). Movant satisfies this requirement because, just like all other class members, she: (1) purchased Community Health securities during the class period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement in the Sixth

---

[3] The Class Period consists of all persons and entities that acquired Community Health securities between February 20, 2017 and February 27, 2018, inclusive, and who were damaged thereby.

Circuit, the class representative must have common interests with those unnamed class members and it must appear that the class representative will vigorously prosecute the action with the assistance of qualified counsel. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996); *Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *10 ("The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members.").

Here, Movant is an adequate representative of the class because her interests are clearly aligned with the interests of the members of the class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the putative class. Movant has also taken concrete steps demonstrating her ability to protect the putative class by selecting competent and experienced counsel to prosecute these claims.

Accordingly, Movant *prima facie* satisfies the typicality and adequacy requirements for the purposes of this motion.

### B. The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Movant has selected Levi & Korsinsky to serve as lead counsel and Barrett Johnston as liaison counsel.

Levi & Korsinsky attorneys have extensive experience in successfully prosecuting complex securities class actions and are well-qualified to represent the class. *See* Martin Decl., Ex. D; *see also Francisco v. Abengoa, S.A.*, No. 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 Civ. 7081 (LLS), 2015 U.S. Dist. LEXIS 162372, at *4 (S.D.N.Y. Nov. 24, 2015) (appointing Levi & Korsinsky as lead counsel and noting that it is "a

- 5 -

firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. 17-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at \*13-\*14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter – the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations"); *Inchen Huang v. Depomed, Inc*., 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi & Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at \*3 (S.D. Cal. Oct. 26, 2017) (same).

The members of the class will receive the highest caliber of legal representation available from Levi & Korsinsky and Barrett Johnston. Accordingly, Movant's selection of counsel should be approved.

## IV.    CONCLUSION

Movant has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Movant respectfully requests that the Court appoint her as Lead Plaintiff and approve her selection of Lead Counsel.

*[Signature on Following Page}*

- 6 -

DATED: JULY 29, 2019

BARRETT, JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN


                    s/ *Jerry E. Martin*
                  JERRY E. MARTIN

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
Email: jmartin@barrettjohnston.com

[Proposed] Liaison Counsel for [Proposed]
Lead Plaintiff

LEVI & KORSINSKY, LLP
GREGORY M. NESPOLE
55 Broadway, 10th Floor
New York, NY  10006
Telephone:  212/363-7500
212/363-7171 (fax)
Email: gnespole@zlk.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 29, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM./ECF participants indicated on the attached Manual Notice List.

s/ *Jerry E. Martin*
JERRY E. MARTIN

BARRETT, JOHNSTON MARTIN
     & GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
Email: jmartin@barrettjohnston.com

- 8 -

# Mailing Information for a Case 3:19-cv-00461 Padilla v. Community Health Systems, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Benjamin A. Gastel**
  beng@bsjfirm.com,nicolev@bsjfirm.com,mariahy@bsjfirm.com,gerards@bsjfirm.com,ecf-processor@bsjfirm.com,jims@bsjfirm.com

- **Lionel Z. Glancy**
  lglancy@glancylaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **James Gerard Stranch , IV**
  gerards@bsjfirm.com,ecf-processor@bsjfirm.com,jennifers@bsjfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Charles          H. Linehan
Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067

Lesley           F. Portnoy
Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067

Robert           V. Prongay
Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067

Pavithra         Rajesh
Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067

Howard           G. Smith
Law Offices of Howard G. Smith
3070 Bristol Pike
Suite 112
Bensalem, PA 19020
```

Case 3:19-cv-00461     Document 35     Filed 07/29/19     Page 10 of 10 PageID #: 214