# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| CALEB PADILLA, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, LARRY CASH, and THOMAS J. AARON,<br><br>      Defendants. | Case No. 3:19-cv-00461-EJR<br><br>Judge Eli J. Richardson<br>Magistrate Judge Barbara Holmes |

## MEMORANDUM OF LAW IN SUPPORT OF MICHAEL GAVIRIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

Michael Gaviria ("Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel and Branstetter, Stranch & Jennings, PLLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that acquired Community Health Systems, Inc. ("Community Health" or the "Company") securities between February 20, 2017 and February 27, 2018, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

1

Additionally, Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel and Branstetter, Stranch & Jennings, PLLC as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Community Health purports to be a leading operator of general acute care hospitals.

On February 27, 2018, the Company announced its full year 2017 financial results and reported a $591 million increase to contractual allowances and bad debt provision.

The complaints filed in the above captioned actions allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company had understated its contractual allowances; (2) that the Company had understated its provision for bad debts; (3) that, as a result, the Company had overstated its net operating revenue; (4) that, as a result, the Company had understated its net loss; and (5) that, as a result, the Company's public statements were materially false and misleading at all relevant times.

## III.    ARGUMENT

### A.     Movant Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most

2

capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation and meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion

Movant has made a timely motion in response to a PSLRA early notice. Padilla commenced the above-captioned action against Community Health on May 29, 2019. The same day, pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Padilla published a notice of the pendency of Plaintiff's case on *Business Wire*, announcing that a securities class action had been

3

filed against Defendants herein. *See* Declaration of J. Gerard Stranch, IV ("Stranch Decl."), Exhibit ("Ex.") A. Therefore, Movant had sixty days or until July 29, 2019, to file a motion to be appointed as Lead Plaintiff. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Stranch Decl., Ex. B. Accordingly, Movant satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Movant purchased Community Health securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered substantial financial losses. *See* Stranch Decl., Ex. B. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss. Movant believes he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, typicality and adequacy of representation are the only relevant provisions. *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *5 (W.D. Tenn. Dec. 15, 2010). At the lead plaintiff stage of the litigation, a movant need only make a *prima facie* showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*.

### a) Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008).

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Community Health's business, operations, and financial prospects violated the federal securities laws. Movant, like all of the members of the Class, purchased Community Health securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b) Movant Is An Adequate Representative

The adequacy requirement is satisfied where: (1) the proposed lead plaintiff has common interests with the unnamed members of the class; and (2) the proposed lead plaintiff will vigorously prosecute the interests of the class through qualified counsel. *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996) (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)).

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Stranch Decl., Ex. B. Movant is not aware of any conflict between his claims and those asserted on behalf of the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected Glancy Prongay & Murray LLP as lead counsel for the class and Branstetter, Stranch, & Jennings, PLLC as liaison counsel. The firms have successfully prosecuted numerous securities

6

fraud class actions on behalf of injured investors. As reflected by the firms' résumés, see Stranch Decl., Exs. C and D, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as lead plaintiff; (2) approving Movant's selection of Glancy Prongay & Murray LLP as lead counsel and Branstetter, Stranch, & Jennings, PLLC for the class; and (3) granting such other relief as the Court may deem just and proper.

DATED: July 29, 2019

Respectfully submitted,

By:   *s/ J. Gerard Stranch, IV*
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
J. Gerard Stranch, IV (BPR #023045)
Benjamin A. Gastel (BPR #28699)
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@bsjfirm.com
beng@bsjfirm.com
*Counsel for Movant and [Proposed]*
*Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy (pro hac vice)
Robert V. Prongay (pro hac vice)
Lesley F. Portnoy (pro hac vice)
Charles H. Linehan (pro hac vice)
Pavithra Rajesh (pro hac vice)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160

*Counsel for Movant and [Proposed] Lead*
*Counsel for the Class*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2019, I electronically filed the foregoing documents using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.   The following counsel will receive service via the Court's CM/ECF system at the email addresses listed below:

Milton S. McGee , III
Steven Allen Riley
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203
615) 320-3700
Email: tmcgee@rwjplc.com
Email: sriley@rwjplc.com

*J. Gerard Stranch, IV*
J. Gerard Stranch, IV