# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| CALEB PADILLA, Individually and on Behalf ) of All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMUNITY HEALTH SYSTEMS, INC., ) *et al.*, ) <br> ) <br> Defendants. ) | Case No. 3:19-cv-00461 <br><br> District Judge Eli J. Richardson <br> Magistrate Judge Barbara D. Holmes <br><br> JURY DEMAND |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants Community Health Systems, Inc. ("CHSI" or the "Company") and Defendants Wayne T. Smith, Larry Cash, and Thomas J. Aaron (the "Individual Defendants," and collectively with CHSI, "Defendants"), by and through their undersigned counsel, respectfully submit this Answer and Defenses to Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, unless expressly admitted or otherwise addressed below, all contents of the Amended Complaint, including the allegations in the preamble, headings, titles, numbered paragraphs, tables, footnotes, prayer for relief, and jury demand, are expressly denied. Defendants answer the Amended Complaint's separately numbered paragraphs as follows:

1. Defendants admit that the Amended Complaint purports to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a putative class. Defendants otherwise deny the allegations in Paragraph 1, including denying that Plaintiffs have

1

stated any viable claim for relief and that Plaintiffs' claims should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. Defendants deny the allegations in Paragraph 2, including denying that CHSI understated or overstated any financial metrics.

3. A description of CHSI's business is set forth in its filings with the Securities and Exchange Commission ("SEC"), which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 3 that are inconsistent therewith. To the extent that the allegations in Paragraph 3 purport to quote public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 3 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 3.

4. Descriptions of CHSI's accounting and financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 4 that are inconsistent therewith. To the extent that the allegations in Paragraph 4 purport to quote public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 4 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 4.

5. Descriptions of CHSI's accounting and financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 5 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 6, including denying that CHSI understated or overstated any financial metrics.

7.      Defendants admit that, on January 1, 2018, CHSI adopted an accounting standard known as ASC 606.  The content of ASC 606 is a matter of public record that speaks for itself, and Defendants deny the allegations of Paragraph 7 that are inconsistent therewith.  Descriptions of CHSI's financial results and accounting are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 7 that are inconsistent therewith.  The trading price and volume of CHSI's stock are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 7 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 7.

8.      Descriptions of CHSI's financial results are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 8 that are inconsistent therewith.  The trading price and volume of CHSI's stock are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 8 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 8.

9.      Defendants admit that, after the market closed on February 27, 2018, CHSI issued a press release, which is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 9 that are inconsistent therewith.  Descriptions of CHSI's financial results and accounting are set forth in its filings with the SEC, which are matters of public record that

3

speak for themselves, and Defendants deny the allegations in Paragraph 9 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 9.

10. Descriptions of CHSI's accounting are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 10 that are inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported former employee of CHSI made the statement attributed to him or her in Paragraph 10. Defendants otherwise deny the allegations in Paragraph 10, including denying that CHSI's change in estimates was in any sense a "restatement" and that any previous financial statements required correction.

11. Descriptions of CHSI's accounting are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 11 that are inconsistent therewith. To the extent that the allegations in Paragraph 11 refer to the contents of a document published by J.P. Morgan, the document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 11 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 11, including denying that the change of bad debt charge was the result of anything other than the change to ASC 606.

12. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 12 that are inconsistent therewith. The trading price and volume of CHSI's stock are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 12 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 12.

4

13. Defendants admit that the Amended Complaint purports to seek to recover losses allegedly sustained by CHSI shareholders but otherwise deny the allegations in Paragraph 13, including denying that Plaintiffs have stated any viable claim or that Plaintiffs or any other putative class member has suffered any damages.

14. Defendants admit that the Amended Complaint purports to bring claims under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, but Defendants deny that Plaintiffs have asserted any viable claim. Defendants otherwise deny the allegations in Paragraph 14.

15. The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the Amended Complaint purports to base jurisdiction on 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. Defendants otherwise deny the allegations in Paragraph 15.

16. Defendants admit that CHSI's principal executive offices are located in this District and that Individual Defendants reside in this District. The remaining allegations in Paragraph 16 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the Amended Complaint purports to rely on 28 U.S.C. § 1391(b) and 15 U.S.C. § 78aa(c) for the purpose of alleging that venue is proper in this District. Defendants otherwise deny the allegations in Paragraph 16.

17. Defendants admit that CHSI's stock is traded on the New York Stock Exchange. Defendants otherwise deny the allegations in Paragraph 17.

18. Defendants admit that certain Plaintiffs have purported to file in this action certifications of stock purchases. Defendants otherwise deny the allegations in Paragraph 18,

including denying that Plaintiffs have stated any viable claim for relief and that Plaintiffs suffered any damages.

19. Defendants admit that CHSI is incorporated under the laws of Delaware, that CHSI's principal executive offices are located in Franklin, Tennessee, and that CHSI's stock is traded on the New York Stock Exchange under the symbol "CYH." Defendants otherwise deny the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit that the Amended Complaint purports to refer collectively to Wayne T. Smith ("Smith"), Larry Cash ("Cash"), and Thomas J. Aaron ("Aaron") as the "Individual Defendants." The remaining allegations in Paragraph 23 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the Individual Defendants had access to information regarding CHSI in connection with their respective roles at CHSI but otherwise deny the allegations in Paragraph 23, including denying that Plaintiffs have stated any viable claim for relief.

24. Defendants admit that the Amended Complaint purports to refer collectively to CHSI and the Individual Defendants as "Defendants." Defendants otherwise deny the allegations in Paragraph 24.

25. A description of CHSI's business, including the numbers of its owned or leased hospitals and licensed beds, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 25 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 25.

6

26.     A description of CHSI's business, including the categories of its services and the types of insurance possessed by patients receiving those services, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 26 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 26.

27.     The content of CHSI's debt covenants and a description of CHSI's business, including its history, are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 27 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 27.

28.     Defendants admit that, on July 25, 2007, CHSI acquired Triad Hospitals, Inc., for consideration that included the assumption of $1.686 billion in indebtedness. Defendants otherwise deny the allegations in Paragraph 28.

29.     Defendants admit that, on January 27, 2014, CHSI acquired Health Management Associates, Inc. ("HMA"), for approximately $7.3 billion. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 1" made the statements attributed to him or her in Paragraph 29. Defendants otherwise deny the allegations in Paragraph 29.

30.     A description of CHSI's business, including the consequences therefor of the HMA acquisition, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 30 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 30.

31.     Defendants admit that "EBITDA" is commonly understood to mean "earnings before interest, taxes, depreciation, and amortization." Descriptions of CHSI's financial metrics

7

are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 31 that are inconsistent therewith. To the extent that the allegations in Paragraph 31 refer to unspecified regulatory reports, such documents are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 31.

32. To the extent that the allegations in Paragraph 32 refer to the daily trading price of CHSI's stock or to unspecified public statements by Defendants, such information is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 32.

33. Defendants admit that, on April 29, 2016, CHSI announced the completion of a spin-off of Quorum Health Corporation. To the extent that the allegations in Paragraph 33 refer to public comments of investors, such comments are a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 33.

34. Descriptions of CHSI's financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 34 that are inconsistent therewith. To the extent that the allegations in Paragraph 34 refer to media reports or to statements of unspecified "analysts," such reports or statements are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 34.

35. Defendants admit that, on February 22, 2017, CHSI announced that Cash would retire on May 16, 2017, and that Aaron, who had spent thirty-two years at Deloitte & Touche LLP, would succeed Cash. The announcement is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 35 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 35, including denying that CHSI understated or

8

overstated any financial metrics, that CHSI's change in estimates was in any sense a "restatement," and that Aaron had influence over how much auditor scrutiny CHSI received.

36. A description of CHSI's business, including its asset divestitures, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 36 that are inconsistent therewith. To the extent that the allegations in Paragraph 36 refer to a media report, that report is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 36.

37. To the extent that the allegations in Paragraph 37 refer to a media report, that report is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 37.

38. Defendants admit that Smith was the Chief Executive Officer of CHSI beginning in 1997 and remained in that position during the Class Period. Descriptions of Smith's compensation are set forth in CHSI's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 38 that are inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the compensation of all other hospital executives. To the extent that the allegations in Paragraph 38 refer to the daily trading price of CHSI's stock, such information is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 2" made the statements attributed to him or her in Paragraph 39. Defendants otherwise deny the allegations in Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 2" made the statements attributed to him or her in Paragraph 40. Defendants otherwise deny the allegations in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 2" made the statements attributed to him or her in Paragraph 41. Defendants otherwise deny the allegations in Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 2" made the statements attributed to him or her in Paragraph 42. Defendants otherwise deny the allegations in Paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 2" made the statements attributed to him or her in Paragraph 43. Defendants otherwise deny the allegations in Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 2" made the statements attributed to him or her in Paragraph 44. Defendants otherwise deny the allegations in Paragraph 44.

45. To the extent that the allegations in Paragraph 45 refer to a contract to which CHSI is party known as the Third Amended and Restated Credit Agreement (the "Credit Agreement"), that contract is among CHSI's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 45 that are inconsistent therewith. To the extent that the allegations in Paragraph 45 purport to quote CHSI's filings with the SEC, those filings are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 45 that are inconsistent therewith. Descriptions of the uses of funds borrowed by CHSI or affiliated entities are set forth in CHSI's filings with the SEC, which are

10

matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 45 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 45.

46. To the extent that the allegations in Paragraph 46 refer to the Credit Agreement, that document is among CHSI's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 46 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 46.

47. To the extent that the allegations in Paragraph 47 refer to or purport to quote CHSI's filings and correspondence with the SEC, those and correspondence filings are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 47 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 47.

48. To the extent that the allegations in Paragraph 48 refer to or purport to quote a letter from the SEC, that letter is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 48 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 48.

49. To the extent that the allegations in Paragraph 49 refer to or purport to quote CHSI's filings and correspondence with the SEC, those filings and correspondence are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 49 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 49.

50. To the extent that the allegations in Paragraph 50 refer to or purport to quote the Credit Agreement, that document is among CHSI's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 50 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 50.

51.	To the extent that the allegations in Paragraph 51 refer to the Credit Agreement, that document is among CHSI's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 51 that are inconsistent therewith.  Interpretation and application of the Credit Agreement are legal conclusions to which no response is required.  Defendants otherwise deny the allegations in Paragraph 51.

52.	To the extent that the allegations in Paragraph 52 refer to or purport to quote CHSI's filings with the SEC, those filings are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 52 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 52.

53.	Defendants admit the allegations in Paragraph 53.

54.	The allegations in Paragraph 54 contain legal conclusions for which no response is required.  To the extent that a response is required, Defendants refer to the applicable SEC regulations for their true contents and otherwise deny the allegations in Paragraph 54.

55.	The allegations in Paragraph 55 contain legal conclusions for which no response is required.  To the extent that a response is required, Defendants refer to the applicable SEC regulations for their true contents and otherwise deny the allegations in Paragraph 55.

56.	To the extent that the allegations in Paragraph 56 refer to or purport to quote CHSI's Code of Conduct, that document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 56 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 56.

57.	Defendants admit that the Financial Accounting Standards Board ("FASB") promulgates Statements of Financial Accounting Concepts.  To the extent that the allegations in Paragraph 57 refer to or purport to quote Statement of Financial Accounting Concepts No. 6, that

12

document is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 57.

58. To the extent that the allegations in Paragraph 58 refer to the standards, rules, and regulations comprising Generally Accepted Accounting Principles ("GAAP"), including ASC 310, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 58 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 58.

59. To the extent that the allegations in Paragraph 59 refer to the standards, rules, and regulations comprising GAAP, including ASC 310, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 59 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 59.

60. To the extent that the allegations in Paragraph 60 refer to the standards, rules, and regulations comprising GAAP, including ASC 450, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 60 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 60.

61. To the extent that the allegations in Paragraph 61 refer to or purport to quote ASC 310, that document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 61 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 61.

62. To the extent that the allegations in Paragraph 62 refer to or purport to quote ASC 310, that document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 62 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 62.

63. Descriptions of CHSI's receivables are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 63 that are inconsistent therewith. To the extent that the allegations in Paragraph 63 refer to the standards, rules, and regulations comprising GAAP, including ASC 310, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 63 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 63.

64. To the extent that the allegations in Paragraph 64 refer to or purport to quote ASC 606 or FASB statements regarding the same, those documents are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 64.

65. Defendants admit that, until January 1, 2018, CHSI employed an accounting standard known as ASC 605. To the extent that the allegations in Paragraph 65 refer to ASC 605, that document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 65 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 65.

66. Descriptions of CHSI's accounting and financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 66 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 66.

67. Descriptions of CHSI's accounting and financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 67 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 67.

68. Descriptions of CHSI's accounting and financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 68 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 68.

69. Descriptions of CHSI's accounting and financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 69 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 69.

70. Descriptions of CHSI's accounting and financial methodologies and calculations are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 70 that are inconsistent therewith. To the extent that the allegations in Paragraph 70 purport to quote CHSI's filings with the SEC, those filings are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 70 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 70.

71. Descriptions of CHSI's accounting and financial methodologies and calculations are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 71 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 71.

72. To the extent that the allegations in Paragraph 72 refer to the standards, rules, and regulations comprising GAAP, including ASC 954, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 72 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 72.

15

73. To the extent that the allegations in Paragraph 73 refer to the standards, rules, and regulations comprising GAAP, including ASC 954, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 73 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 73.

74. To the extent that the allegations in Paragraph 74 refer to the standards, rules, and regulations comprising GAAP, including ASC 606, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 74 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 74.

75. Defendants admit that, on January 1, 2018, CHSI adopted an accounting standard known as ASC 606. To the extent that the allegations in Paragraph 75 refer to the standards, rules, and regulations comprising GAAP, including ASC 606, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 75 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 75.

76. Defendants admit the allegations in Paragraph 76.

77. Defendants admit the allegations in Paragraph 77.

78. To the extent that the allegations in Paragraph 78 refer to or purport to quote ASC 606, that document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 78 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 78.

79. To the extent that the allegations in Paragraph 79 refer to the standards, rules, and regulations comprising GAAP, including ASC 605 and ASC 606, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 79 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 79.

80.     To the extent that the allegations in Paragraph 80 refer to the standards, rules, and regulations comprising GAAP, including ASC 605 and ASC 606, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 80 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 80.

81.     To the extent that the allegations in Paragraph 81 refer to the standards, rules, and regulations comprising GAAP, including ASC 605 and ASC 606, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 81 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 81.

82.     To the extent that the allegations in Paragraph 82 refer to the standards, rules, and regulations comprising GAAP, including ASC 605 and ASC 606, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 82 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 82.

83.     To the extent that the allegations in Paragraph 83 refer to the standards, rules, and regulations comprising GAAP, including ASC 606, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 83 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 83.

84.     The COSO Report and CHSI's filings with the SEC are matters of public record that speak for themselves. Defendants refer to those documents for their true contents and otherwise deny the allegations in Paragraph 84.

85.     To the extent that the allegations in Paragraph 85 refer to the standards, rules, and regulations comprising generally accepted auditing standards, including AS 1001.03, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in

17

Paragraph 85 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 85.

86. To the extent that the allegations in Paragraph 86 refer to the standards, rules, and regulations comprising GAAS, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 86 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 86.

87. The COSO Report is a matter of public record that speaks for itself. Defendants refer to that document for its true contents and otherwise deny the allegations in Paragraph 87.

88. Exchange Act Rules 13a-15(f) and 15d-15(f) are matters of public record that speak for themselves. Defendants refer to those rules for their true contents and otherwise deny the allegations in Paragraph 88.

89. The COSO Report is a matter of public record that speaks for itself. Defendants refer to that document for its true contents and otherwise deny the allegations in Paragraph 89.

90. To the extent that the allegations in Paragraph 90 quote an Ernst & Young LLP publication, the publication is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 90.

91. To the extent that the allegations in Paragraph 91 refer to the standards, rules, and regulations comprising GAAP, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 91 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 91.

92. To the extent that the allegations in Paragraph 92 refer to or quote an Ernst & Young LLP publication, the publication is a matter of public record that speaks for itself. Defendants otherwise deny the allegations in Paragraph 92.

18

93. To the extent that the allegations in Paragraph 93 refer to the standards, rules, and regulations comprising GAAP, including ASC 250, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 93 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 93.

94. To the extent that the allegations in Paragraph 94 refer to the standards, rules, and regulations comprising GAAP, including ASC 250, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 94 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 94.

95. To the extent that the allegations in Paragraph 95 refer to the standards, rules, and regulations comprising GAAP, including ASC 250, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 95 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 95.

96. To the extent that the allegations in Paragraph 96 refer to the standards, rules, and regulations comprising GAAP, including ASC 250, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 96 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 96.

97. To the extent that the allegations in Paragraph 97 refer to the standards, rules, and regulations comprising GAAP, including ASC 250, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 97 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 97.

98. To the extent that the allegations in Paragraph 98 refer to the standards, rules, and regulations comprising GAAP, including ASC 250, those standards, rules, and regulations speak

for themselves, and Defendants deny the allegations in Paragraph 98 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 98.

99. To the extent that the allegations in Paragraph 99 refer to the standards, rules, and regulations comprising GAAP, including ASC 250, those standards, rules, and regulations speak for themselves, and Defendants deny the allegations in Paragraph 99 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 99.

100. Defendants admit that the Amended Complaint defines the Class Period to begin on February 21, 2017. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 100 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 100.

101. The allegations in Paragraph 101 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 101, including denying that CHSI understated or overstated any financial metrics.

102. The transcript of CHSI's Q4 2016 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 102 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 102.

103. The allegations in Paragraph 103 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 103, including denying that CHSI understated or overstated any financial metrics.

104. The transcript of CHSI's Q4 2016 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 104 that are inconsistent therewith. The allegations in Paragraph 104 contain legal conclusions to which no response is

20

required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 104.  Defendants otherwise deny the allegations in Paragraph 104.

105.    CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 105 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 106, including denying that CHSI understated or overstated any financial metrics.

107.    CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 107 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 108.

109.    To the extent that the allegations in Paragraph 109 purport to quote public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 109 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 110.

111. To the extent that the allegations in Paragraph 111 refer to or quote statements of "analysts and investors," such statements are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 111.

112. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 112 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 112.

113. The allegations in Paragraph 113 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 113, including denying that CHSI understated or overstated any financial metrics.

114. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 114 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 114.

115. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 115 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 115.

116. The allegations in Paragraph 116 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 116, including denying that CHSI understated or overstated any financial metrics.

117. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 117 that are inconsistent therewith. The allegations in Paragraph 117 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 117. Defendants otherwise deny the allegations in Paragraph 117.

118. The transcript of CHSI's Q1 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 118 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 118.

119. The allegations in Paragraph 119 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 119, including denying that CHSI understated or overstated any financial metrics.

120. The transcript of CHSI's Q1 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 120 that are inconsistent therewith. The allegations in Paragraph 120 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 120. Defendants otherwise deny the allegations in Paragraph 120.

121. To the extent that the allegations in Paragraph 121 refer to or quote statements of "analysts," such statements are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 121.

122. The Wells Fargo analyst report is a matter of public record that speaks for itself. Defendants refer to that document for its true contents and otherwise deny the allegations in Paragraph 122.

123. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 123 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 123.

124. To the extent that the allegations in Paragraph 124 refer to or quote statements of "analysts," such statements are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 124.

23

125. Descriptions of CHSI's financial results and accounting are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 7 that are inconsistent therewith.

126. The trading price and volume of CHSI's stock are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 126 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 126.

127. Descriptions of CHSI's accounting and financial methodologies and calculations are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 127 that are inconsistent therewith. The allegations in Paragraph 127 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 127. Defendants otherwise deny the allegations in Paragraph 127, including denying that CHSI understated or overstated any financial metrics.

128. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 128 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 128.

129. The allegations in Paragraph 129 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 129, including denying that CHSI understated or overstated any financial metrics.

130. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 130 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 130.

131. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 131 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 131.

132. The allegations in Paragraph 132 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 132, including denying that CHSI understated or overstated any financial metrics.

133. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 133 that are inconsistent therewith. The allegations in Paragraph 133 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 133. Defendants otherwise deny the allegations in Paragraph 133.

134. The transcript of CHSI's Q2 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 134 that are inconsistent therewith. The allegations in Paragraph 134 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 134. Defendants otherwise deny the allegations in Paragraph 134.

135. The transcript of CHSI's Q2 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 135 that are inconsistent therewith. The allegations in Paragraph 135 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 135. Defendants otherwise deny the allegations in Paragraph 135, including denying that CHSI inflated its Consolidated EBITDA.

136. The transcript of CHSI's Q2 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 136 that are inconsistent therewith. The allegations in Paragraph 136 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 136. Defendants otherwise deny the allegations in Paragraph 136, including denying that CHSI understated bad debt.

137. The Leerink analyst report is a matter of public record that speaks for itself. Defendants refer to that document for its true contents and otherwise deny the allegations in Paragraph 137.

138. To the extent that the allegations in Paragraph 138 refer to or quote statements of Cantor Fitzgerald, such statements are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 138.

139. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 139 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 139.

140. Descriptions of CHSI's financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 140 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 140.

141. The allegations in Paragraph 141 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 141, including denying that CHSI understated bad debt.

142.     The Oppenheimer and J.P. Morgan analyst reports are matters of public record that speak for themselves.  Defendants refer to those documents for their true contents and otherwise deny the allegations in Paragraph 142.

143.     The transcript of CHSI's Q3 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 143 that are inconsistent therewith.  The trading price and volume of CHSI's stock are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 143 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 143.

144.     The allegations in Paragraph 144 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 144, including denying that CHSI understated or overstated any financial metrics.

145.     CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 145 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 145.

146.     CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 146 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 146.

147.     CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 147 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 147.

148.     The allegations in Paragraph 148 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 148, including denying that CHSI understated or overstated any financial metrics.

27

149. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 149 that are inconsistent therewith. The allegations in Paragraph 149 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 149. Defendants otherwise deny the allegations in Paragraph 149.

150. The transcript of CHSI's Q3 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 150 that are inconsistent therewith. The allegations in Paragraph 150 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 150. Defendants otherwise deny the allegations in Paragraph 150, including denying that CHSI inflated its Consolidated EBITDA.

151. The transcript of CHSI's Q3 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 151 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 151.

152. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 152 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 152.

153. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 153 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 153, including denying that the change of bad debt charge was the result of anything other than the change to ASC 606.

154. CHSI's filings with the SEC are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 154 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 154.

155. The J.P. Morgan analyst "alert" is a matter of public record that speaks for itself. Defendants refer to that document for its true contents and otherwise deny the allegations in Paragraph 155, including denying that any previous financial statements required correction.

156. To the extent that the allegations in Paragraph 156 refer to or quote statements of Cantor Fitzgerald, such statements are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 156, including denying that any previous financial statements required correction.

157. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 157 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 157.

158. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 158 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 158, including denying that the change of bad debt charge was the result of anything other than the change to ASC 606.

159. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 159 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 159, including denying that the change of bad debt charge was the result of anything other than the change to ASC 606.

160. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 160 that are inconsistent

29

therewith. Defendants otherwise deny the allegations in Paragraph 160, including denying that CHSI inflated any financial metrics.

161. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 161 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 161.

162. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 162 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 162.

163. The allegations in Paragraph 163 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 163. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 163 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 163.

164. Defendants deny the allegations in Paragraph 164.

165. Defendants deny the allegations in Paragraph 165.

166. The trading price of CHSI's stock is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 166 that are inconsistent therewith. To the extent that the allegations in Paragraph 166 refer to statements of an unspecified commentator on an investor blog, such statements are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 166.

167. The trading price and volume of CHSI's stock are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 167 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 167.

168. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 3" made the statements attributed to him or her in Paragraph 168. Defendants otherwise deny the allegations in Paragraph 168, including denying that CHSI's change in estimates was in any sense a "restatement" and that any previous financial statements required correction.

169. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 4" made the statements attributed to him or her in Paragraph 169. Defendants otherwise deny the allegations in Paragraph 169, including denying that any previous financial statements required correction.

170. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 4" made the statements attributed to him or her in Paragraph 170. Defendants otherwise deny the allegations in Paragraph 170, including denying that any previous financial statements required correction.

171. To the extent that the allegations in Paragraph 171 refer to or purport to quote ASC 606, that document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 171 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 171, including denying that any Defendant violated ASC 606.

172. Descriptions of CHSI's financial metrics are set forth in its filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 172 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 172.

173. The transcript of CHSI's Q4 2017 investor call is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 173 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 173.

174. Defendants deny the allegations in Paragraph 174, including denying that CHSI's change in estimates was in any sense a "restatement" and that any previous financial statements required correction.

175. The allegations in Paragraph 175 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 175, including denying that CHSI understated or overstated any financial metrics.

176. The allegations in Paragraph 176 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 176.

177. To the extent that the allegations in Paragraph 177 refer to or purport to quote CHSI's filings with the SEC, those filings are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 177 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 177.

178. To the extent that the allegations in Paragraph 178 refer to or purport to quote CHSI's filings and correspondence with the SEC, those filings and correspondence are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 178 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 178.

179. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether a purported person identified as "CW 5" made the statements attributed to him or her in Paragraph 179. Defendants otherwise deny the allegations in Paragraph 179.

180. To the extent that the allegations in Paragraph 180 purport to refer to CHSI's filings with the SEC or to other public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 180 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 180.

181. To the extent that the allegations in Paragraph 181 purport to refer to public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 181 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 181, including denying that CHSI understated any financial metrics.

182. CHSI's filings with the SEC, which include the Credit Agreement, are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 182 that are inconsistent therewith. To the extent that the allegations in Paragraph 182 purport to refer to public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 182 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 182.

183. Defendants admit that, on January 27, 2014, CHSI acquired HMA. To the extent that the allegations in Paragraph 183 refer to or purport to quote CHSI's filings with the SEC, those filings are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 183 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 183.

184. Defendants admit that CHSI's acquisition of HMA was at the time CHSI's largest acquisition by consideration. Defendants otherwise deny the allegations in Paragraph 184.

33

185.    Descriptions of Individual Defendants' compensation are set forth in CHSI's filings with the SEC, which are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 185 that are inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the compensation that might have been available from other companies.  Defendants otherwise deny the allegations in Paragraph 185.

186.    Defendants admit that Plaintiffs purport to bring their claims on behalf of a putative class as defined in Paragraph 186 but deny that Plaintiffs have stated any viable claim, that Plaintiffs or any putative class member have suffered any harm, or that Plaintiffs' claims should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendants deny the remaining allegations in Paragraph 186.

187.    Defendants admit that, during the Class Period, CHSI's stock was traded on the New York Stock Exchange.  The allegations in Paragraph 187 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 187 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

188.    The allegations in Paragraph 188 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 188 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

189.    The allegations in Paragraph 189 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 189 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

190.    The allegations in Paragraph 190 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 190 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

191. The allegations in Paragraph 191 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 191 and deny that Plaintiffs' claims should be certified pursuant to Rule 23.

192. The allegations in Paragraph 192 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 192.

193. The allegations in Paragraph 193 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that, during the Class Period, CHSI's stock was traded on the New York Stock Exchange, that CHSI filed periodic reports with the SEC, that CHSI communicated with investors through press releases and other manners, and that certain analysts followed CHSI. Defendants otherwise deny the allegations in Paragraph 193.

194. The allegations in Paragraph 194 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 194.

195. The allegations in Paragraph 195 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 195.

196. The allegations in Paragraph 196 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 196. To the extent that the allegations in Paragraph 196 purport to refer to CHSI's filings with the SEC or to other public statements by Defendants, such statements are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 196 that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 196.

197. Defendants adopt and incorporate their responses to Paragraphs 1-196 by reference with the same force and effect as if fully set forth herein.

198. Defendants deny the allegations in Paragraph 198.

199. Defendants deny the allegations in Paragraph 199.

200. Defendants deny the allegations in Paragraph 200.

201. Defendants deny the allegations in Paragraph 201.

202. Defendants deny the allegations in Paragraph 202.

203. Defendants deny the allegations in Paragraph 203.

204. Defendants deny the allegations in Paragraph 204.

205. Defendants deny the allegations in Paragraph 205.

206. Defendants deny the allegations in Paragraph 206.

207. Defendants deny the allegations in Paragraph 207.

208. Defendants adopt and incorporate their responses to Paragraphs 1-207 by reference with the same force and effect as if fully set forth herein.

209. Defendants deny the allegations in Paragraph 209.

210. Defendants admit that Smith signed the Company's 2016 annual report, first quarter 2017 quarterly report, second quarter 2017 quarterly report, third quarter 2017 quarterly report, and 2017 annual report; that Cash signed the Company's 2016 annual report and first quarter 2017 quarterly report; and that Aaron signed the Company's second quarter 2017 quarterly report, third quarter 2017 quarterly report, and 2017 annual report. Defendants otherwise deny the allegations in Paragraph 210.

211. To the extent that the allegations in Paragraph 211 refer to or purport to quote CHSI's filings with the SEC, those filings are matters of public record that speak for themselves,

36

and Defendants deny the allegations in Paragraph 211 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 211.

212.    To the extent that the allegations in Paragraph 212 refer to or purport to quote CHSI's filings with the SEC, those filings are matters of public record that speak for themselves, and Defendants deny the allegations in Paragraph 212 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 212.

213.    To the extent that the allegations in Paragraph 213 refer to or purport to quote CHSI's Amended and Restated Audit and Compliance Committee Charter, that document is a matter of public record that speaks for itself, and Defendants deny the allegations in Paragraph 213 that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 213.

214.    Defendants deny the allegations in Paragraph 214.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, or any relief whatsoever, and deny any remaining allegations in these or any other portions of the Amended Complaint to the extent not expressly admitted or otherwise addressed herein.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants plead the following defenses:

## FIRST DEFENSE

Defendants maintain that the Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Pursuant to Federal Rule of Civil Procedure 8(b)(3), unless expressly admitted above, all contents of the Amended Complaint, including the allegations in the numbered paragraphs, headings, titles, and Prayer for Relief, are expressly denied.

## THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, because the Individual Defendants are not liable, and Plaintiffs have not alleged and cannot prove that CHSI is liable without proving primary liability.

## FOURTH DEFENSE

This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

## FIFTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

## SIXTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

38

## SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class for control person liability are barred because the Individual Defendants at all times "acted in good faith and did not directly or indirectly induce" or control any acts constituting a violation of the securities laws. 15 U.S.C. § 78t(a).

## EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred due to the failure of the Amended Complaint to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the Private Securities Litigation Reform Act ("PSLRA") as well as Plaintiffs' inability to prove any such facts.

## NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which the alleged claims are based.

## TENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs.

## ELEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in that Plaintiffs have failed to plead their claims, or any strong inference of scienter or actual knowledge, with particularity, as required by the PSLRA, Fed. R. Civ. P. 9(b), or otherwise.

<h3 style="text-align:center">TWELFTH DEFENSE</h3>

Plaintiffs' purported claims and those of the putative class are barred due to Plaintiffs' inability to prove facts demonstrating a strong inference of scienter, with regard to each Defendant and as to each alleged misstatement.

<h3 style="text-align:center">THIRTEENTH DEFENSE</h3>

Plaintiffs' purported claims and those of the putative class are barred because the Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiffs' averred damages and the requisite "loss causation" is lacking. *See* 15 U.S.C. § 78u-4(b)(4).

<h3 style="text-align:center">FOURTEENTH DEFENSE</h3>

Any decline in the value of Plaintiffs' CHSI shares was caused by intervening and superseding causes.

<h3 style="text-align:center">FIFTEENTH DEFENSE</h3>

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are founded on an aiding and abetting theory.

<h3 style="text-align:center">SIXTEENTH DEFENSE</h3>

Plaintiffs' purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA, 15 U.S.C. § 78u-5(c).

<h3 style="text-align:center">SEVENTEENTH DEFENSE</h3>

Plaintiffs' purported claims and those of the putative class are barred because the Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

40

## EIGHTEENTH DEFENSE

To the extent Defendants were in possession of any of the information Plaintiffs claim they failed to disclose, which Defendants contend they were not, Defendants did not assimilate and comprehend the significance of that information.

## NINETEENTH DEFENSE

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiffs' claims because the information at issue was credibly made available to the market by other sources.

## TWENTIETH DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any putative class members who did not trade shares between the time the alleged misrepresentations were made and the time the alleged "truth" was revealed.

## TWENTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable under the *Santa Fe* doctrine.

## TWENTY-SECOND DEFENSE

The purported claims of Plaintiffs and some or all of the putative class are barred, in whole or in part, due to their failure to mitigate the damages they allegedly sustained as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law. Plaintiffs and some or all of the putative class members are therefore barred from recovering any damages which might reasonably have been avoided.

## TWENTY-THIRD DEFENSE

Plaintiffs and other putative class members lack standing to prosecute this action.

## TWENTY-FOURTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the doctrines of assumption of risk and estoppel because Plaintiffs and the putative class had full knowledge of, and assumed and accepted, the hazards and risks associated with their investments.

## TWENTY-FIFTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations apply.

## TWENTY-SIXTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they have "unclean hands" and/or to the extent that they engaged in acts and courses of conduct which rendered them *in pari delicto*.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable because Defendants acted within their reasonable business judgment.

## TWENTY-EIGHTH DEFENSE

Any recovery by Plaintiffs and the putative class against Defendants would constitute unjust enrichment.

## TWENTY-NINTH DEFENSE

Plaintiffs are not entitled to recovery of attorneys' fees, expenses, and other costs in this action.

## THIRTIETH DEFENSE

Plaintiffs are not entitled to an award of pre-judgment interest or post-judgment interest.

## THIRTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.

## THIRTY-SECOND DEFENSE

Any potential recovery by Plaintiffs or the putative class members is subject to offset in the amount of any benefit received by Plaintiffs or the putative class members through their investments.

## THIRTY-THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the alleged omissions relate to forward looking statements, which are immaterial as a matter of law.

## THIRTY-FOURTH DEFENSE

Corrective statements during the putative class period effectively counterbalanced any misleading impression purportedly created by Defendants' alleged misstatements or omissions.

## THIRTY-FIFTH DEFENSE

Any potential recovery against Defendants is barred, in whole or in part, by virtue of the proportionate liability of, contribution by, and/or comparative fault of Plaintiffs, putative class members and/or other persons or entities pursuant to the relevant provisions of the PSLRA, and/or principles of equitable allocation, recoupment, setoff, proportionate responsibility, comparative fault, any settlement credit and/or any other applicable law or doctrine. Defendants are entitled to have the trier of fact apportion the percentage of fault (if any) among such persons or entities that the trier of fact finds responsible for any alleged violations of the federal securities laws.

43

## THIRTY-SIXTH DEFENSE

The claims of Plaintiffs and any putative class members are barred, in whole or in part, because the alleged depreciation in the market price of CHSI's securities resulted from factors other than the misstatements or omissions alleged in the Amended Complaint.

## THIRTY-SEVENTH DEFENSE

Defendants hereby incorporate by reference any and all other defenses asserted in the Motion to Dismiss (Dkt. No. 65).

## RESERVATION OF RIGHTS

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants, having fully answered Plaintiffs' Amended Complaint, pray:

(a)     that the Amended Complaint be dismissed with prejudice;

(b)     that judgment be entered in Defendants' favor;

(c)     that all costs of this action be taxed against Plaintiffs; and

(d)     for such other and further relief as the Court deems proper.

Dated: September 6, 2022

Respectfully submitted,

*s/ Steven A. Riley*

Steven A. Riley (BPR #006258)
Milton S. McGee, III (BPR #024150)
Carson W. King (BPR #034305)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com
cking@rjfirm.com

*Attorneys for Defendants*

45

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of September, 2022, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system, which will send a notice of

electronic filing to the following:

J. Gerard Stranch, IV
Benjamin A. Gastel
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203

Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
Pavithra Rajesh
Casey E. Sadler
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

J. Alexander Hood
Jeremy Lieberman
Pomerantz, LLP
600 Third Avenue, 20th Floor
New York, NY 10016

Louis C. Ludwig
Jared Schneider
Joshua B. Silverman
Pomerantz, LLP
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603


*s/ Steven A. Riley*

46