| | |
|---|---|
| CALEB PADILLA, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>COMMUNITY HEALTH SYSTEMS, INC., *et al.*, )<br><br>Defendants. ) | Case No. 3:19-cv-00461<br><br>District Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes<br><br>JURY DEMAND |

**STIPULATION AND PROTECTIVE ORDER**
**GOVERNING THE EXCHANGE AND USE OF DISCOVERY MATERIAL[1]**

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1.     This Stipulation and Protective Order ("Protective Order") governs the treatment of all documents, electronically stored information, testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively, "Discovery Material") produced by any party or non-party (each, a "Producing Party") in the above-captioned matter (collectively with any appeals, the "Action").

2.     Any Producing Party may designate as confidential any Discovery Material that it believes in good faith contains: (i) trade secret or other confidential research, development,

---

[1] The Court's substantive modifications to the parties' agreed protective order are delineated by striking through deleted language, if any, and underlining added language.

commercial information or personal information; (ii) information the disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the health and safety of patients; (iii) the confidential investment records of any putative or actual Class member; or (iv) "protected health information" ("PHI") as defined in 45 C.F.R. §§ 160.103 and 164.501, which includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to any individual, which identifies the individual or which reasonably could be expected to identify the individual (collectively, "Confidential Information"), in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order. Blanket designation of a group of documents shall not be deemed to be "in good faith" unless the Producing Party actually believes that each such document so designated qualifies for the designation.

3. Confidential Discovery Material shall be designated as such by the Producing Party in one or more of the following ways: (a) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response; (b) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (c) information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition, or sending written notice within thirty (30) days of receiving the final version of the transcript of

the deposition or testimony, identifying by page and line number(s) the specific information or testimony that constitutes Confidential Discovery Material. Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Producing Party. For deposition testimony or other testimony, prior to the expiration of the thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all testimony shall be treated as Confidential Discovery Material. In the case of electronically stored information produced in native format, the Producing Party shall include the word "CONFIDENTIAL" in the file or directory name, in a metadata field of a database load file or by affixing the legend "CONFIDENTIAL" to the media containing the Confidential Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

4. The party to which Confidential Discovery Material is produced (the "Receiving Party") shall treat such Confidential Discovery Material as strictly confidential. Confidential Discovery Material, including PHI, shall be used solely for the purpose of this Action, and not in any other litigation, and not for any business or other purpose whatsoever. 45 C.F.R. § 164.512(e)(1)(v)(A). Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason.

5. Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

(a) The parties to this Action, including Lead Plaintiff and any Class Representatives;

(b) Counsel of record for the respective parties to this Action, including attorneys consulting with or advising any party to the above-captioned litigation, in-house attorneys, paraprofessionals, employees, and agents of such law firms;

(c)	Experts or consultants retained to assist counsel for the parties, ***provided that*** any such experts or consultants execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and further provided that any report created by such expert or consultant disclosing or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(d)	Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of this Action;

(e)	Any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition or hearing, if advised by counsel disclosing the Confidential Discovery Materials to such witnesses of the obligations herein;

(f)	The author or recipient of the document(s);

(g)	Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h)	Outside vendors retained by or for the parties to assist in pretrial discovery, trial, and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, if advised by counsel disclosing the Confidential Discovery Materials to such outside vendors of the obligations herein, and further provided that any report created by such outside vendor relying on or incorporating Confidential

Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(i) The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper;

(j) A mediator for purposes of a mediation in this Action, and the mediator's staff; and

(k) Any person or entity who counsel for the parties agree in writing, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access, as long as such person or entity agrees to be bound by the terms of this Protective Order by executing the Undertaking.

6. Counsel of record shall retain throughout this Action the Undertakings executed by any person or entity receiving Confidential Discovery Material. If any party has good cause to believe that another party has improperly disclosed Confidential Discovery Material, it may move for an order allowing it to inspect the Undertakings before the conclusion of this Action.

7. Absent agreement of the parties, Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including any appeals), and may be disclosed only under the circumstances and to the persons or entities specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material.

8. The parties shall serve a copy of this Protective Order simultaneously with any discovery request made or subpoena served on a non-party. As to subpoenas served on non-parties prior to the entry of this Protective Order, counsel for the party that served the subpoena shall provide a copy of this Protective Order to the non-party as soon as is practicable.

9. In the event any Receiving Party having possession, custody or control of any Confidential Discovery Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Confidential Discovery Material, but excluding requests made in connection with an inquiry by a governmental or regulatory authority (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority promptly, and, in any event, within five (5) business days of receipt of the Third-Party Request, give written notice to counsel for the Producing Party. The Producing Party shall have the burden of objecting to the Third-Party Request. The Receiving Party receiving the Third-Party Request shall be entitled to comply with it except to the extent that the Producing Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party receiving the Third-Party Request shall await the later of (10) business days after notice of the request to the Producing Party or the disposition of any motion to quash or motion for a protective order filed by the Producing Party within such ten (10) business day period before producing any Confidential Discovery Material in response to the Third-Party Request, to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or violation of a court order. Nothing in this Order shall require any Receiving Party to disregard or violate any order or direction of any governmental or regulatory authority.

10. The inadvertent failure to mark a document or testimony, or a portion thereof, with the "CONFIDENTIAL" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the confidential material

was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" designation thereupon. Such Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order. If, prior to receiving such notice, the Receiving Party has disclosed the Confidential Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Discovery Material.

11.     In the event that any Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Before filing or using any Confidential Discovery Material in connection with any substantive or discovery motion or court proceeding, counsel shall meet and confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts. Any copy of Confidential Discovery Material submitted to the Court in connection with a motion or court proceeding shall be filed under seal pursuant to the procedures of Local Rule 5.03, redacted, or protected from public disclosure by another procedure agreed upon by the parties. The Producing Party, thereafter, may if it desires file a response pursuant to Local Rule 5.03(b) to retain the subject documents under seal.     Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.

12.     This Protective Order shall not apply at trial.  To the extent a protective order is necessary at trial, the parties will separately negotiate such protective order and submit it to the Court for approval.

13.     This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as "CONFIDENTIAL" under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation.  Discovery Material produced in this Action can only be used in conjunction with this Action, including any appeals.  Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

14.     If a party objects to another party's designation of information as "CONFIDENTIAL," it shall advise the Producing Party in writing of the reasons for the objection, and the parties shall meet and confer within fourteen (14) days in a good-faith effort to resolve the objection.  All items objected to shall continue to be treated as confidential pending resolution of the parties' dispute.  If the parties are unable to reach an agreement as to the disputed designation within twenty-one (21) days, the objecting party may invoke the Court's rules and procedures for raising discovery disputes.  The Producing Party bears the burden of persuading the Court that the information is in fact confidential within the definitions set forth above.  For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this Paragraph.

15.     Each document, testimony, material, or other thing, or portion thereof designated as "CONFIDENTIAL" shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Producing Party agrees to the contrary or the Court renders a decision that a particular document, testimony, material, or other thing, or portion

thereof is not "CONFIDENTIAL" as defined under this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

16. The recipient of any Confidential Discovery Material shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own confidential material. Confidential Discovery Material may be copied, reproduced, summarized, extracted or abstracted to the extent that any party believes is reasonably necessary for the conduct of the Action. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.

17. Within sixty (60) days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of PHI as defined in paragraph 2 of this order shall return such materials and copies thereof to the Producing Party or destroy such confidential material and certify that fact. 45 C.F.R. § 164.512(e)(1)(v)(B). Because the return or destruction of such materials would be commercially or legally impractical, this provision does not require the return or destruction of PHI that: (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; (iii) is subject to legal hold obligations; or (iv) is required to be retained pursuant to statutory or regulatory obligations, or as otherwise required by law; however, such retained information shall continue to be treated in accordance with the Protective Order. To the extent that PHI is incorporated into any pleadings, motions or other attorney work product, counsel of record shall continue to treat the PHI as Confidential Discovery

- 8 -

Material in accordance with this Protective Order.  Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

18.     Within thirty (30) days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of Confidential Discovery Materials (except PHI, which shall be governed by paragraph 19 of this order) shall use commercially reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Material and certify that fact.   The Receiving Party's commercially reasonable efforts shall not require the return or destruction of confidential material that: (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; or (iii) is subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of confidential material but such retained information shall continue to be treated in accordance with the Protective Order.  Counsel of record shall also be permitted to keep a copy of Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions or other attorney work product.   In that case, counsel of record shall continue to treat the Confidential Discovery Material in accordance with this Protective Order.  Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

19.     Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

20.     Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action.   Unless such

agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

21. This Protective Order shall be binding on any future party to this Action.

22. Any non-party may agree to be subject to and governed by the terms of this Protective Order.

23. This Protective Order shall continue in force after the completion of this Action.

24. In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this Action of Confidential Discovery Material, including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

25. This Court shall retain jurisdiction over all persons and entities subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. This Protective Order may be changed only by agreement of the parties or by an order of this Court, and is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by motion to the Court on notice to the other parties hereto.

27. This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

28. Nothing in this Protective Order shall be relied on or construed as binding on the Court for any determination of whether public access to Confidential Discovery Material is properly restricted if offered as part of the record in this case.

IT IS SO ORDERED.

_____
BARBARA D. HOLMES
UNITED STATES MAGISTRATE JUDGE

Dated: October 10, 2022

Respectfully submitted,

*s/ Steven A. Riley*
Steven A. Riley (BPR #006258)
Milton S. McGee, III (BPR #024150)
Carson W. King (BPR #034305)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com
cking@rjfirm.com

*Attorneys for Defendants*

*s/ Joshua B. Silverman w/permission*
**POMERANTZ LLP**
Joshua B. Silverman (admitted *Pro Hac Vice*)
Louis C. Ludwig (admitted *Pro Hac Vice*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
jbsilverman@pomlaw.com
lcludwig@pomlawcom

*Co-Lead Counsel*

**BRANSTETTER, STRANCH & JENNINGS, PLLC**
J. Gerard Stranch, IV (BPR #023045)
Benjamin A. Gastel (BPR #28699)
223 Rosa L. Parks Avenue, Suite 200

- 11 -

Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for Plaintiffs*

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy (admitted *Pro Hac Vice*)
Robert V. Prongay (admitted *Pro Hac Vice*)
Casey E. Sadler (admitted *Pro Hac Vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
lglancy@glancylaw.com
rprongay@glancylaw.com
csadler@glancylaw.com

*Co-Lead Counsel*

- 12 -

| | |
|---|---|
| CALEB PADILLA, Individually and on Behalf of All Others Similarly Situated, ) ) | Case No. 3:19-cv-00461 |
| Plaintiff, ) ) ) | District Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes |
| v. ) ) | JURY DEMAND |
| COMMUNITY HEALTH SYSTEMS, INC., ) *et al.*, ) ) | |
| Defendants. ) | |

## UNDERTAKING

The undersigned hereby certified that he/she has received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions thereof, and that he/she agrees to submit to the jurisdiction of the United States District Court for the Middle District of Tennessee, for the enforcement thereof, even if such enforcement proceedings occur after termination of this Action. He/she understands that violation of the Protective Order is punishable by contempt of court.

Dated: _____          Name: _____

                                 Title: _____

                                 Signed: _____