# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| CALEB PADILLA, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.: 3:19-cv-00461 |
| v. | DISTRICT JUDGE ELI J. RICHARDSON |
| COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, LARRY CASH, and THOMAS J. AARON, | MAGISTRATE JUDGE BARBARA D. HOLMES |
| Defendants. | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Middle District of Tennessee (the "Court"), if, during the period between February 21, 2017 and February 27, 2018, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Community Health Systems, Inc. ("CHSI" or the "Company") publicly traded common stock, and were allegedly damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Arun Bhattacharya and Michael Gaviria ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for $9,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact CHSI, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 81 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant CHSI, and defendants Wayne T. Smith, Larry Cash, and Thomas J. Aaron (collectively, the "Individual Defendants"; and together with CHSI, "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding CHSI. A more detailed description of the Action is set forth in ¶¶ 11-20 below. Defendants have denied these allegations and any wrongdoing. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 21 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $9,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 9-12 below.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 19, 2023 (the "Stipulation"), which is available at www.CommunityHealthSecuritiesSettlement.com.

[2] Defendants and Lead Plaintiffs are collectively referred to as the "Parties."

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of shares of CHSI publicly traded common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.19. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares of CHSI common stock they purchased, when and at what prices they purchased/acquired or sold their CHSI common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 9-12 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants deny that they violated the federal securities laws and deny that any damages were suffered by any members of the Settlement Class.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP and Pomerantz LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $300,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by the plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of CHSI common stock, if the Court approves Lead Counsel's fee and expense application, is $0.07 per eligible share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Casey E. Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com and Joshua B. Silverman, Esq. of Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, (312) 377-1181, jbsilverman@pomlaw.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each Defendant denies any wrongdoing and expressly denies that Lead Plaintiffs have asserted any valid claims as to any Defendant, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN OCTOBER 26, 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 30 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 22, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 22, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| | |
|---|---|
| **GO TO A HEARING ON OCTOBER 13, 2023, AT 1:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 22, 2023.** | Filing a written objection and notice of intention to appear by September 22, 2023, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 3

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

How Do I Know If I Am Affected By The Settlement?  Who Is Included

    In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

How Are Settlement Class Members Affected By The Action And

    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . . . . Page 7

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 7

What Payment Are The Attorneys For The Settlement Class Seeking?

    How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

What If I Do Not Want To Be A Member Of The Settlement Class?

    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

When And Where Will The Court Decide Whether To Approve The Settlement?

    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I

    Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 13

Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . . Page 14

## WHY DID I GET THE POSTCARD NOTICE?

8. The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired CHSI common stock during the Settlement Class Period. The Court also directed that this Notice be posted online at www.CommunityHealthSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed

Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶ 72 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. A class action complaint was filed by Caleb Padilla on May 30, 2019 in the Court, styled *Caleb Padilla v. Community Health Systems, Inc. et al.*, Case No. 3:19-cv-00461.

12. By Order dated November 20, 2019, the Court entered an order appointing Arun Bhattacharya and Michael Gaviria as Lead Plaintiffs for the Action; and approved Lead Plaintiffs' selection of Pomerantz LLP and Glancy Prongay & Murray LLP as Lead Counsel and Branstetter, Stranch & Jennings, PLLC as Liaison Counsel for the class.

13. On January 21, 2020, Lead Plaintiffs filed and served their Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that Defendants made materially false and misleading statements about CHSI's provision for bad debt and certain financial results. The Complaint further alleged that the prices of CHSI's publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed. Defendants deny each and all of Lead Plaintiffs' allegations. Defendants contend that they did not engage in a scheme to defraud, that they did not make any false or misleading statements, that they disclosed all information required to be disclosed by the federal securities laws, that the price of CHSI's securities were not artificially inflated, and that no damage to CHSI's stock price resulted from Defendants' alleged wrongdoing.

14. On March 23, 2020, Defendants filed a motion to dismiss the Complaint. On May 22, 2020, Lead Plaintiffs filed their response in opposition and, on June 22, 2020, Defendants filed their reply papers. On March 21, 2022, Lead Plaintiffs filed a notice of supplemental authority. On August 17, 2022, the Court denied Defendants' motion.

15. On September 6, 2022, Defendants filed an answer to the Complaint.

16. From September 2022 through March 2023, counsel for Lead Plaintiffs and Defendants completed extensive fact discovery. Lead Plaintiffs and Defendants each propounded one set of requests for production of documents upon the opposing party and Defendants propounded one set of interrogatories upon Lead Plaintiffs. Lead Plaintiffs also served a third-party subpoena for production of documents on Deloitte & Touche LLP, the Company's auditor. Over the course of the approximately 7-month discovery period, Lead Counsel reviewed and analyzed approximately 450,000 pages of documents produced by Defendants and third parties. During that same timeframe, Lead Plaintiffs produced documents to Defendants and responded to Defendants' first set of interrogatories.

17. On March 9, 2023, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Jed Melnick, Esq. of JAMS. In advance of that session, the Parties exchanged, and provided to Mr. Melnick, detailed mediation statements and exhibits that addressed issues of liability and damages. The session culminated in an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet") executed on March 9, 2023. The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $9,500,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

18. Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

19. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each Defendant denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 31 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

20. On May 30, 2023, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

21. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired CHSI publicly traded common stock between February 21, 2017, and February 27, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.

Excluded from the Settlement Class are: (a) persons and entities who or which suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, executive officer and/or director of CHSI during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of CHSI; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 12 below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.CommunityHealthSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, submitted online or postmarked no later than October 26, 2023.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

22. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Even if the hurdles to establishing liability were overcome, the amount of damages that could be recovered would be hotly contested by Defendants. Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

23. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $9,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

24. Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each Defendant denies any wrongdoing, and the Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

26. As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 13 below.

27. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 12 below.

28. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

29. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

30. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule or regulation, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase and/or acquisition of CHSI publicly traded common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) any derivative claims asserted by shareholders on behalf of CHSI.

31. "Defendants' Releasees" means (i) each Defendant; (ii) the Immediate Family members of the Individual Defendants; (iii) past or present direct or indirect parent entities, direct and indirect subsidiaries, related entities, and Affiliates of CHSI; (iv) any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (v) any entity in which a Defendant has a controlling interest; all in their capacities as such.

32. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, Defendants and their respective Releasees, may hereafter discover facts in addition to or different from those which such party or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, compromise, settle, discharge, extinguish, and release, and each of the other Releasees shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Final Judgment shall have waived,

compromised, settled, discharged, extinguished, and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

34. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35. "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all Settlement Class members, any other plaintiffs in the Action and their counsel, Lead Counsel, Liaison Counsel, and (ii) each of their respective Immediate Family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

36. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **submitted online or postmarked no later than October 26, 2023**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.CommunityHealthSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (877) 390-3492. Please retain all records of your ownership of and transactions in CHSI common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38. Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid nine million five hundred thousand dollars ($9,500,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

40. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

41. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before October 26, 2023, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 30 above) against the Defendants' Releasees (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

43.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in CHSI common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of CHSI common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

44.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46.   Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired CHSI publicly traded common stock during the Settlement Class Period and were allegedly damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  Publicly traded CHSI common stock is the only security included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

47.   The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48.   The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, February 21, 2017, through February 27, 2018, inclusive), which had the effect of artificially inflating the prices of CHSI common stock.[3]  The estimated alleged artificial inflation in the price of CHSI common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of CHSI common stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs.  Defendants deny they made any false statements or omitted any material facts, and Defendants further deny that the price of CHSI's common stock was artificially inflated.

49.   In this matter, Lead Plaintiffs allege that corrective disclosures removed the artificial inflation from the price of CHSI common stock on July 27, 2017, November 1, 2017, November 2, 2017, and February 28, 2018  (the "Alleged Corrective Disclosure Dates").  Accordingly, in order to have a Recognized Loss Amount, CHSI common stock must have been purchased or acquired during the Settlement Class Period and held through at least one of these Alleged Corrective Disclosure Dates.

50.   To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

---

[3] During the Settlement Class Period, CHSI common stock was listed on the New York Stock Exchange ("NYSE") under the symbol "CYH."

<table>
<tr><td colspan="3"><strong>Table 1<br>Alleged Artificial Inflation in CHSI Common Stock</strong></td></tr>
</table>

| From | To | Per-Share Price Inflation |
|---|---|---|
| February 21, 2017 | July 26, 2017 | $3.22 |
| July 27, 2017 | October 31, 2017 | $2.15 |
| November 1, 2017 | November 1, 2017 | $1.68 |
| November 2, 2017 | February 27, 2018 | $0.81 |
| February 28, 2018 | Thereafter | $0.00 |

51.  The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for CHSI common stock.  The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on CHSI common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss Amount on CHSI common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

52.  In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.  Any transactions in CHSI common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

53.  Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of CHSI common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

I.  For each share purchased during the Settlement Class Period that was sold prior to July 27, 2017, the Recognized Loss Amount is $0.00.

II.  For each share purchased between February 21, 2017, through February 27, 2018, inclusive:

a. that was subsequently sold during the period July 27, 2017, through February 27, 2018, inclusive, the Recognized Loss Amount is *the lesser of*:

   i.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

   ii.  the purchase price *minus* the sale price.

b. that was subsequently sold during the period February 28, 2018, through May 25, 2018, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the least of*:

   i.  the amount of per-share price inflation on the date of purchase as appears in Table 1; or

   ii.  the purchase price *minus* the sale price; or

   iii.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

c. that was still held as of the close of trading on May 25, 2018, the Recognized Loss Amount is *the lesser of*:

   i.  the amount of per-share price inflation on the date of purchase as appears in Table 1; or

   ii.  the purchase price *minus* the average closing price for CHSI common stock during the 90-Day Lookback Period, which is $4.34.

III.  For each share purchased or otherwise acquired on or after February 28, 2018, the Recognized Loss Amount is $0.00.

<table>
<thead>
<tr><th colspan="6">Table 2</th></tr>
<tr><th>Sale/ Disposition Date</th><th>90-Day Lookback Value</th><th>Sale/ Disposition Date</th><th>90-Day Lookback Value</th><th>Sale/ Disposition Date</th><th>90-Day Lookback Value</th></tr>
</thead>
<tbody>
<tr><td>2/28/2018</td><td>$5.12</td><td>3/29/2018</td><td>$4.50</td><td>4/30/2018</td><td>$4.26</td></tr>
<tr><td>3/1/2018</td><td>$4.85</td><td>4/2/2018</td><td>$4.48</td><td>5/1/2018</td><td>$4.26</td></tr>
<tr><td>3/2/2018</td><td>$4.87</td><td>4/3/2018</td><td>$4.46</td><td>5/2/2018</td><td>$4.28</td></tr>
<tr><td>3/5/2018</td><td>$4.83</td><td>4/4/2018</td><td>$4.44</td><td>5/3/2018</td><td>$4.29</td></tr>
<tr><td>3/6/2018</td><td>$4.84</td><td>4/5/2018</td><td>$4.43</td><td>5/4/2018</td><td>$4.30</td></tr>
<tr><td>3/7/2018</td><td>$4.84</td><td>4/6/2018</td><td>$4.42</td><td>5/7/2018</td><td>$4.31</td></tr>
<tr><td>3/8/2018</td><td>$4.86</td><td>4/9/2018</td><td>$4.41</td><td>5/8/2018</td><td>$4.31</td></tr>
<tr><td>3/9/2018</td><td>$4.86</td><td>4/10/2018</td><td>$4.40</td><td>5/9/2018</td><td>$4.31</td></tr>
<tr><td>3/12/2018</td><td>$4.87</td><td>4/11/2018</td><td>$4.38</td><td>5/10/2018</td><td>$4.32</td></tr>
<tr><td>3/13/2018</td><td>$4.83</td><td>4/12/2018</td><td>$4.37</td><td>5/11/2018</td><td>$4.32</td></tr>
<tr><td>3/14/2018</td><td>$4.80</td><td>4/13/2018</td><td>$4.37</td><td>5/14/2018</td><td>$4.32</td></tr>
<tr><td>3/15/2018</td><td>$4.78</td><td>4/16/2018</td><td>$4.36</td><td>5/15/2018</td><td>$4.32</td></tr>
<tr><td>3/16/2018</td><td>$4.74</td><td>4/17/2018</td><td>$4.35</td><td>5/16/2018</td><td>$4.32</td></tr>
<tr><td>3/19/2018</td><td>$4.71</td><td>4/18/2018</td><td>$4.35</td><td>5/17/2018</td><td>$4.33</td></tr>
<tr><td>3/20/2018</td><td>$4.68</td><td>4/19/2018</td><td>$4.35</td><td>5/18/2018</td><td>$4.33</td></tr>
<tr><td>3/21/2018</td><td>$4.65</td><td>4/20/2018</td><td>$4.34</td><td>5/21/2018</td><td>$4.34</td></tr>
<tr><td>3/22/2018</td><td>$4.62</td><td>4/23/2018</td><td>$4.32</td><td>5/22/2018</td><td>$4.34</td></tr>
<tr><td>3/23/2018</td><td>$4.60</td><td>4/24/2018</td><td>$4.31</td><td>5/23/2018</td><td>$4.34</td></tr>
<tr><td>3/26/2018</td><td>$4.58</td><td>4/25/2018</td><td>$4.30</td><td>5/24/2018</td><td>$4.34</td></tr>
<tr><td>3/27/2018</td><td>$4.55</td><td>4/26/2018</td><td>$4.29</td><td>5/25/2018</td><td>$4.34</td></tr>
<tr><td>3/28/2018</td><td>$4.53</td><td>4/27/2018</td><td>$4.28</td><td></td><td></td></tr>
</tbody>
</table>

### ADDITIONAL PROVISIONS

54. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 62 below) is $10.00 or greater.

55. **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of CHSI common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

56. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all shares of the CHSI common stock.

57. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of CHSI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of CHSI common stock during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of CHSI common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any CHSI common stock unless (i) the donor or decedent purchased or otherwise acquired such CHSI common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such CHSI common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

58. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the CHSI common stock. The date of a "short sale" is deemed to be the date of sale of CHSI common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in CHSI common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

59. **Options Contracts:** Option contracts are not securities eligible to participate in the Settlement. With respect to CHSI common stock purchased through the exercise of an option, the purchase date of the CHSI common stock shall be the exercise date of the option and the purchase price of the CHSI common stock shall be the closing price of CHSI common stock on date of purchase. Any

Recognized Loss Amount arising from purchases of CHSI common stock acquired during the Settlement Class Period through the exercise of an option on CHSI common stock shall be computed as provided for other purchases of CHSI common stock in the Plan of Allocation.

60. **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in CHSI common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in CHSI common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

61. For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in CHSI common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and the Holding Value.[6] If the Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

62. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

63. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

64. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all CHSI common stock purchased or acquired during the Settlement Class Period.

[5] The Claims Administrator shall match any sales of CHSI common stock during the Settlement Class Period, first against the Claimant's opening position in CHSI common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of CHSI common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" to shares of CHSI common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on February 27, 2018, which shall be $5.12 (*i.e.*, the closing price of the stock on the last Corrective Disclosure Date, February 28, 2018). The total calculated holding values for all CHSI common stock shall be the Claimant's "Total Holding Value."

65.  The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.CommunityHealthSecuritiesSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

66.  Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $300,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by the plaintiffs in this action directly related to their representation of the Settlement Class in an aggregate amount not to exceed $30,000.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

67.  Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *Padilla v. Community Health Systems, Inc.*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be *received* no later than September 22, 2023.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Padilla v. Community Health Systems, Inc.*, Case No. 3:19-cv-00461"; (c) state the number of shares of publicly traded CHSI common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between February 21, 2017 and February 27, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

68.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

69.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

70.  Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

71.  **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

72.  The Settlement Hearing will be held on October 13, 2023 at 1:00 p.m., before the Honorable Eli J. Richardson at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse, Courtroom 5C, 719 Church Street, Nashville, TN 37203. The Court has the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

73.  Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Middle District of Tennessee at the address set forth below on or before

September 22, 2023. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before September 22, 2023**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Glancy Prongay & Murray LLP** | **Riley & Jacobson, PLC** |
| Middle District of Tennessee | Casey E. Sadler, Esq. | Steven A. Riley, Esq. |
| Clerk of the Court | 1925 Century Park East, Suite 2100 | 1906 West End Avenue |
| Fred D. Thompson U.S. Courthouse | Los Angeles, CA 90067 | Nashville, TN 37203 |
| 719 Church Street | | |
| Nashville, TN 37203 | -and- | |

**Pomerantz LLP**
Joshua B. Silverman, Esq.
10 South LaSalle St., Ste. 3505
Chicago, IL 60603

74. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of CHSI common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between February 21, 2017 and February 27, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

75. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

76. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before September 22, 2023**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

77. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 73 above so that the notice is *received* **on or before September 22, 2023**.

78. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

79. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

80. If you purchased or otherwise acquired publicly traded CHSI common stock between February 21, 2017 and February 27, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Padilla v. Community*

*Health Systems, Inc.*, c/o A.B. Data, Ltd., P.O. Box 173112, Milwaukee, WI 53217.  If you choose the third option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.05 per name and address provided to the Claims Administrator; up to $0.05 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.05 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.CommunityHealthSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at (877) 390-3492.

| |
|---|
| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

81.  This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse, 719 Church Street, Nashville, TN 37203.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.CommunityHealthSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| *Padilla v. Community Health Systems, Inc.* | and/or | Casey E. Sadler, Esq. |
|---|---|---|
| c/o A.B. Data, Ltd. | | GLANCY PRONGAY & MURRAY LLP |
| P.O. Box 173112 | | 1925 Century Park East, Suite 2100 |
| Milwaukee, WI 53217 | | Los Angeles, CA 90067 |
| (877) 390-3492 | | (888) 773-9224 |
| info@CommunityHealthSecuritiesSettlement.com | | settlements@glancylaw.com |
| www.CommunityHealthSecuritiesSettlement.com | | |

-or-

Joshua B. Silverman, Esq.
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
(312) 377-1181
jbsilverman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: June 28, 2023

By Order of the Court
United States District Court
Middle District of Tennessee