# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| CALEB PADILLA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, LARRY CASH, and THOMAS J. AARON,<br><br>Defendants. | Case No.: 3:19-cv-00461<br><br>DISTRICT JUDGE ELI J. RICHARDSON<br><br>MAGISTRATE JUDGE BARBARA D. HOLMES |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Court-appointed lead plaintiffs, Arun Bhattacharya and Michael Gaviria (collectively, "Lead Plaintiffs"), and their counsel, Glancy Prongay & Murray LLP and Pomerantz LLP (collectively, "Lead Counsel"), respectfully submit this memorandum in further support of: (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 123, the "Final Approval Motion"); and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 125, the "Fee and Expense Application").[1]  This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there have been no objections to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, and not a single request for exclusion from the Settlement Class.

## I. THE SETTLEMENT CLASS'S REACTION WAS UNIVERSALLY POSITIVE AND SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION, AS WELL AS THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A. The Court-Approved Notice Program

Pursuant to the Court's May 30, 2023, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 118, the "Preliminary Approval Order"), approximately 35,465 copies of the Postcard Notice were disseminated to potential Settlement Class Members and their nominees.  *See* Supplemental Declaration of Adam D. Walter Regarding: (A) Mailing of Postcard Notice; (B) Claims Received to Date; and (C) Report on Requests for Exclusion and Objections Received to Date ("Supp. Walter Decl."), ¶3.  The Postcard Notice directed potential

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated May 19, 2023 (ECF No. 117-1), or the Joint Declaration of Casey E. Sadler and Joshua B. Silverman in Support of: (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Joint Declaration").  ECF No. 127.  Unless otherwise indicated, all emphasis is added, and all internal quotations and citations are omitted.

Settlement Class Members to downloadable versions of the Notice and Claim Form posted online at www. CommunityHealthSecuritiesSettlement.com (the "Settlement Website").[2] *See Id.*, Exs. A (Postcard Notice), B (Notice) and C (Claim Form). The Notice advised Settlement Class Members of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See Id.*, Ex. B at ¶¶47-65 (Plan of Allocation); ¶66 (attorneys' fees and Litigation Expenses). The Notice further advised Settlement Class Members that September 22, 2023, was the deadline for: (1) requesting exclusion from the Settlement Class; and (2) filing an objection to the Settlement, Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *Id.*, at p. 2; ¶¶67-69; 73-77.[3]

On September 8, 2023, Lead Plaintiffs filed the Final Approval Motion and Lead Counsel filed the Fee and Expense Motion. The motions were supported by memoranda of law, as well as the declarations of Lead Plaintiffs, Lead Counsel, Liaison Counsel, and the Claims Administrator. These papers are available on the Court's public docket and the supporting documents were posted on the Settlement Website. *See* ECF Nos. 123-127; Supp. Walter Decl.,

---

[2] The Settlement Website became operational on June 28, 2023, and is accessible 24 hours a day, seven days a week. *See* Declaration of Adam D. Walter Regarding: (A) Mailing of Postcard Notice; (B) Publication of Summary Notice; and (C) Report on Requests for Exclusion Received to Date, dated August 31, 2023 (the "Walter Mailing Decl.") (ECF No. 127-1), at ¶11. Its address is set forth in the Postcard Notice, Notice, and Summary Notice. *See Id.* at Exs. A, B, and C; Supp. Walter Decl., Ex. B. In addition to providing access to downloadable versions of the Notice and Claim Form, potential Settlement Class Members can view or download the Stipulation, Preliminary Approval Order and other relevant Court documents related to the Action. Walter Mailing Decl. at ¶11. The Settlement Website also allows Settlement Class Members to file claims online, and provides institutional investors with instructions and a claims filing template. *Id.* at ¶12.

[3] The September 22, 2023, deadline to object or request exclusion was also included in the Postcard Notice and the Summary Notice. *See* Walter Mailing Decl., Exs. A, B and C. On July 10, 2023, the Summary Notice was published in *Investor's Business Daily* and on the *PR Newswire*. *Id.* at ¶9.

2

¶10.

Following this extensive notice program, not a single Settlement Class Member requested exclusion from the Settlement Class, or objected to the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, or Lead Plaintiffs' requests to be reimbursed for their work litigating the Action. *See* Supp. Walter Decl. at ¶¶8, 11. The lack of objections and requests for exclusion weighs heavily in favor of the Court granting the requested relief.

## I.     ARGUMENT

### A.     The Positive Reaction Of The Settlement Class Strongly Supports Approval Of The Settlement And Plan Of Allocation

The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy. *See In re Regions Morgan Keegan Sec., Deriv., & ERISA Litig.*, 2016 WL 8290089, at *2 (W.D. Tenn. Aug. 2, 2016) ("An overwhelming positive class response highlights the fairness of the settlement to unnamed class members and weighs heavily in favor of approval of the settlement." (citing *In re Se. Milk Antitrust Litig.*, 2012 WL 2236692, at *4 (E.D. Tenn. June 15, 2012)); *see also Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 502 (E.D. Mich. 2000) ("[T]he Court considers the fact that not one class member objected to the settlement agreement to be most persuasive."). Mirroring the lack of objection, no Settlement Class member sought exclusion, and approximately 363 submitted claims seeking to participate in the Settlement. Suppl. Walter Decl. at ¶¶5, 8-11.[4]

Here, the lack of objections and requests for exclusion strongly militate in favor of the Court granting the requested relief. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527

---

[4] It is the Claims Administrator's experience, as well as Lead Counsel's, that the vast majority of claims—including those by institutional investors—will be submitted on or near the claims filing deadline. Suppl. Walter Decl. at ¶5. Moreover, because the settlement is non-reversionary, the entire Net Settlement Fund will be distributed to Settlement Class Members.

(E.D. Mich. 2003) ("That the overwhelming majority of class members have elected to remain in the Settlement Class, without objection, constitutes the 'reaction of the class,' as a whole, and demonstrates that the Settlement is 'fair, reasonable, and adequate.'" (internal quotation marks in original)); *see also In re Se. Milk Antitrust Litig.*, 2013 WL 2155379, at *6 (E.D. Tenn. May 17, 2013) ("No class member objected to the terms of the agreement, a fact which further demonstrates the fairness of the settlement."); *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *5 (E.D. Mich. Dec. 12, 2013) ("There have been no objections from any of the class members and no objectors appeared at the Final Fairness Hearing. Such unanimous approval is entitled to great weight and favors final approval, particularly where the Notice is known to have been mailed to each of the class members.").[5]

In addition, there has not been a single objection to the proposed Plan of Allocation. This reaction provides firm support for the Plan of Allocation's approval. *See*, *e.g.*, *Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corp.*, 2022 WL 17582004, at *4 (E.D. Mich. Dec. 12, 2022) ("The lack of objections to the Settlement or Plan of Allocation provides convincing evidence that the settlement is fair, reasonable and adequate."); *Bd. of Trustees of City of Birmingham Emps.' Ret. Sys. v. Comerica Bank*, 2013 WL 12239522, at *5 (E.D. Mich. Dec. 27, 2013) (approving plan of allocation where "[n]o class member has objected to any aspect of the Settlement or the Plan of Allocation.").

**B.      The Positive Reaction of the Settlement Class Strongly Supports Approval of the Fee and Litigation Expense Request**

The highly positive reaction of the Settlement Class also supports approval of Lead

---

[5] *See also In re Nationwide Fin. Servs. Litig.*, 2009 WL 8747486, at *7 (S.D. Ohio Aug. 19, 2009) ("The lack of significant objections is powerful evidence of the fairness of a proposed settlement."); *In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 372 (N.D. Ohio 1983) (noting that the overwhelming approval of a proposed settlement by the class members "is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement").

Counsel's requested attorneys' fees and Litigation Expenses. Here, both the Postcard Notice and the Notice informed the Settlement Class that Lead Counsel would apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and reimbursement for Litigation Expenses incurred by Lead Counsel in an amount not to exceed $300,000, which may include reimbursement of Lead Plaintiffs' costs and expenses related to their representation of the Settlement Class. *See* Supp. Walter Decl., Exs. A; and B at ¶66.

The absence of ***any objections*** supports a finding that the request for attorneys' fees and reimbursement of Plaintiffs' Counsel's expenses is fair and reasonable and should be approved. *See, e.g.*, *See New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 634 (W.D. Ky. 2006) ("The lack of objections from the Class supports the reasonableness of the fee request."); *Nationwide*, 2009 WL 8747486, at *14 ("The reaction of the Class also supports the requested fee and expense award."); *see also Parmelee v. Santander Consumer USA Holdings Inc.*, 2019 WL 2352837, at *2 (N.D. Tex. Jun. 3, 2019) (awarding 33⅓% of $9.5 million settlement fund and full reimbursement of expenses, including lead plaintiffs' expenses pursuant to the PSLRA, and stating "[t]here were no objections to the requested attorneys' fees and expenses.").

Finally, the fact that there have been no objections to the request for PSLRA awards to Lead Plaintiffs in the amounts of $10,000 for Mr. Bhattacharya, and $15,000 for Mr. Gaviria, support the reasonableness of the request. *See Fogarazzo v. Lehman Bros., Inc.*, 2011 WL 671745, at *2 (S.D.N.Y. Feb. 23, 2011) (granting PSLRA awards to four Lead Plaintiffs in the aggregate amount of $32,000 where "[n]o objections to these awards was received from any members of the Class."). As courts within the Sixth Circuit and around the country have recognized, Lead Plaintiffs serve an integral role in securities class action litigation, and they

should be reimbursed for their efforts prosecuting the Action on behalf of the entire Settlement Class. *See New England*, 234 F.R.D. at 635 (awarding payment for time and expenses, including lost wages, to lead plaintiffs pursuant to PSLRA, 15 U.S.C. § 78u-4(a)(4), and noting that "[c]ourts… routinely award such costs and expenses both to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as to provide an incentive for such plaintiffs to remain involved in the litigation and to incur such expenses in the first place."); *see also In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *12 (S.D.N.Y. Nov. 7, 2007) (awarding $15,900 to lead for time spent supervising litigation, and characterizing such awards as "routine" in this Circuit).

In sum, the universally favorable reaction of the Settlement Class is strong evidence that Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses is fair and reasonable. *See Singh v. 21Vianet Group, Inc.*, 2018 WL 6427721, at *1 (E.D. Tex. Dec. 7, 2018) (awarding attorneys' fees of 33.3% of $9 million settlement fund and full reimbursement of litigation expenses, including reimbursement of lead plaintiff's expenses pursuant to PSLRA, where "[t]here were no objections to the requested attorneys' fees and expenses.").

## II. CONCLUSION

For the reasons set forth herein and in the previously-filed Final Approval Memorandum (ECF No. 124), the Fee and Expense Memorandum (ECF No. 126), and the Joint Declaration (ECF No. 127), Lead Plaintiffs and Lead Counsel respectfully request that the Court: (1) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (2) award attorneys' fees to Lead Counsel in the amount of 33⅓% of the Settlement Fund, plus expenses in the amount of $206,752.84; and (3) award $10,000 to Mr. Bhattacharya and $15,000 to Mr. Gaviria as reimbursement for time spent as a direct result of

6

their representation of the Settlement Class.[6]

Dated: October 6, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Casey E. Sadler*
Robert V. Prongay (admitted *Pro Hac Vice*)
Joseph D. Cohen (admitted *Pro Hac Vice*)
Casey E. Sadler (admitted *Pro Hac Vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
rprongay@glancylaw.com
jcohen@glancylaw.com
csadler@glancylaw.com

**POMERANTZ LLP**
Joshua B. Silverman (admitted *Pro Hac Vice*)
Louis C. Ludwig (admitted *Pro Hac Vice*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

*Lead Counsel for Lead Plaintiffs and the
Proposed Settlement Class*

**STRANCH, JENNINGS & GARVEY**
J. Gerard Stranch, IV (BPR #023045)
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstranch@stranchlaw.com

*Liaison Counsel for Lead Plaintiffs and the
Proposed Settlement Class*

---

[6] The Settlement is conditioned on the entry of the [Proposed] Order and Judgment. *See* Stipulation, ¶¶31, 32(e), 35; Ex. B. The [Proposed] Order and Judgment, along with [Proposed] Order Approving the Plan of Allocation and the [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Reply Memorandum was served on all counsel of record on October 6, 2023 via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

*/s/ Casey E. Sadler*
Casey E. Sadler